IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,887-02






EX PARTE RONNIE JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY





 

 Johnson, J., filed a statement concurring in the order of the Court. 


 

C O N C U R R I N G S T A T E M E N T




 Applicant filed this application for writ of habeas corpus because he believes that the Texas
Department of Criminal Justice (TDCJ) changed his mandatory-supervision release date from
February 2, 2008, to February 2, 2011, without adequate explanation. The Court properly denies
relief because applicant has a second conviction that controls applicant's eligibility for release and
it is that conviction that caused the change in release date.

 While relief in this case is properly denied, this application once again demonstrates that
TDCJ's practices create unnecessary work for itself and the judicial system. We explained the
problem in Ex parte Hill, 208 S.W.3d 462, 465 (Tex. Crim. App. 2006).

It would avoid confusion in the future, decrease the number of writ applications filed
in the trial courts, and eliminate the need for affidavits from prison officials, if TDCJ
clarified its inmate time sheets (or any other source traditionally consulted by inmates
in determining their status) to show whether an inmate is absolutely ineligible for
mandatory supervision under section 508.149(a), or is temporarily ineligible because
he has been denied release based on section 508.149(b) findings. 


My dissent expanded the majority's point.

Like many groups, the Board of Pardons and Paroles (BPP) appears to have
developed an argot that is useful within the confines of intra-panel communication
but is counter-productive when used outside of that environment. . . .


There is a legitimate differentiation between mandatory supervision and discretionary
mandatory supervision (a legislative oxymoron). The inexact use of the words
"eligible" and "ineligible" seems to be producing much of the confusion. If BPP
means that an inmate is ineligible for mandatory supervision, but eligible for
discretionary mandatory supervision, then its communications with inmates should
say so. "[O]ffense identified as not eligible for mandatory supervision release by
statute" does not convey such a message. . . .


Coupling "offense identified as not eligible for mandatory supervision by statute"
with "offender was denied mandatory supervision by Board of Pardons and Paroles
vote and converted to non-mandatory supervision status pursuant to HB 1433"
exacerbates the already ineffective communication. If an inmate is not eligible for
mandatory supervision, denial of it is superfluous, and the inmate's status cannot be
"converted" to non-mandatory supervision status because he already has that status.


. . . The flood of [writ applications] might conceivable be stanched by the use of
plain, accurate descriptions of actions taken by BPP and removal of notations, such
as "HB 1433" that are vague (HB 1433 from which session?), uninformative, and
cryptic for persons such as inmates. For example, the notification to an inmate after
a release hearing might be one of the following: "Inmate is ineligible for release on
mandatory supervision because of a prior conviction for an offense listed in Texas
Government Code § 508.149"; "Inmate is eligible for discretionary mandatory
supervision, but has been denied release because the inmate's accrued good-conduct
time does not accurately reflect the inmate's potential for rehabilitation and the
inmate's release would endanger the public. Texas Government Code § 508.149(b)";
"Inmate has been denied release on discretionary mandatory supervision for the third
time and is therefore ineligible for further consideration for such release."


Hill, 208 S.W.3d 462, 466 (Tex. Crim. App. 2006)(Johnson, J., dissenting).


 Copies of that opinion were ordered sent to the Texas Department of Criminal
Justice-correctional institutions division and to the Texas Board of Pardons and Paroles. Neither
agency appears to have taken heed, so the problem continues. Inmates continue to misinterpret what
the BPP did and file writ applications because of that easily avoidable misinterpretation. This Court
must then continue to require trial courts to get affidavits from TDCJ to clarify the inmate's status,
and TDCJ continues to be ordered to file those affidavits. All of this wastes scarce resources. 

 I do not know which agency can resolve this problem mostly easily; perhaps resolution
requires cooperation between the two. Whether one agency or both is required, eliminating this
pattern of miscommunication would increase the efficiency of the system and prevent needless
expenditure of personnel, time, and money. I greatly hope that both BPP and TDCJ will reread the
opinion in Ex parte Hill, take heed of its not-so-subtle hint that they need to address the issue, and
devise new procedures so that notices to inmates about the outcome of a hearing before BPP will
clearly communicate what BPP's decision was.


Filed: May 13, 2009

Do Not Publish